The judgment in this case should have been affirmed on the authority of the Mabley Carew case. The cases of Mozingo v.Marion Steam Shovel Co., 130 Ohio St. 591, 200 N.E. 756;Riffee v. Marion Steam Shovel Co., 133 Ohio St. 109,11 N.E.2d 1022; Brammer v. Alloy Cast Steel Co., 133 Ohio St. 117, 12 N.E.2d 295; and Noggle v. Alloy Cast SteelCo., 133 Ohio St. 118, 12 N.E.2d 295, involving questions similar to those presented in the instant case, were decided adversely to the claims of plaintiff. An appeal of the first case to the Supreme Court of the United States was dismissed for want of a substantial federal question (298 U.S. 645). In the other cases, writs of certiorari were denied (304 U.S. 558). The present decision opens a long standing controversy deemed to have been finally ended by the adoption of amended Section 35 of Article II of the state Constitution in 1923.
Section 1465-70, General Code, the purpose of which clearly was to unconditionally abolish open liability of employers complying with the requirements of the Workmen's Compensation Act, has been in effect for the past twenty-six years. It was enacted pursuant to the very laudable purpose of abolishing vexatious, expensive and often futile litigation between employer and employee and to provide and enforce one system of compensation for the employee and complete immunity of the employer from suit, with the single exception of the employee's right to maintain suit at law where damages were claimed as a result of the violation of a specific, lawful requirement. Dissatisfaction arising from this partial open liability resulted in the preparation of the proposed constitutional amendment, by the joint and harmonious action of the representatives of the employers and employees. *Page 210 
The immunity which had been granted by Section 1465-70, General Code, pursuant to the permissive provisions of the Constitution, was incorporated in the mandatory provisions of that amendment.
Now it is asserted and held by the majority that there is still an open liability and that under this amendment the right is reserved to maintain suits at law upon claims for any kind of disability for which compensation has not been specifically provided under the Workmen's Compensation Law.
The majority opinion states that Section 1465-70, General Code, should not be given a wider scope than it had when originally enacted, and that it did not then embrace occupational diseases in its terms. However, by the subsequent enactment of Section 1465-69b, General Code, the Legislature extended such exemption of employers from liability so as to include exemption from suit for damages for disability resulting from occupational disease. The effect of the decision in this case is to hold these statutory provisions unconstitutional.
Numerous practical questions will arise as a result of the decision in this case. For instance, under the provisions of Section 1465-68a, General Code, as amended since these cases were instituted, silicosis has been included with compensable occupational diseases; but compensation is to be awarded only if the employee has been subjected to injurious exposure to silica dust for periods aggregating five years. Under this decision, an action at law without limitation in amount of recovery may be maintained by employees suffering from silicosis who had been exposed to silica dust less than five years, for their disability is not compensable under the Workmen's Compensation Law. This is only illustrative of the many similar potential situations created by the decision in this case.
Paraphrasing the language of an eminent jurist in a recentcause celebre, it may be well stated that if experience *Page 211 
is any guide the present decision will give momentum to kindred litigation and reliance upon it far beyond the scope of the special facts of this case, for legal doctrines have, in an odd kind of way, the faculty of self-generating extension.